STEVEN T. GUBNER – SBN 156593
JASON B. KOMORSKY – SBN 155677
JESSICA L. BAGDANOV – SBN 281020
BG LAW LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Email: sgubner@bg.law
jkomorsky@bg.law
jbagdanov@bg.law

MAX FOLKENFLIK – (admitted *pro hac vice*)
FOLKENFLIK & MCGERITY
1500 Broadway, Suite 810
New York, NY 10036
Telephone: (212)757-0400
Email: mfolkenflik@fmlaw.net

Attorneys for the Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTER NUTRITIONALS, LLC, a California Limited Liability Company,<br><br>*Plaintiff*,<br><br>vs.<br><br>GOLI NUTRITION, INC., (a CANADIAN CORPORATION); *et al.*,<br><br>*Defendants*. | Case No. 22-cv-02219-SSS-SHK<br><br>**STATUS REPORT** |

– 1 –

2881762

1     Plaintiff Better Nutritionals, LLC ("Better Nutritionals"), respectfully submits this status report to address the Court's text entry order issued as Docket No. 20. Better Nutritionals sincerely apologizes to the Court for this late submission due to an internal calendaring entry on the part of counsel.

    To address the Court's inquiry regarding the automatic stay, the automatic stay in bankruptcy does not prevent the debtor, Better Nutritionals, from pursuing affirmative claims. 11 U.S.C. § 362 provides that the filing of a bankruptcy petition operates as a stay of, among other things, "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor." 11 U.S.C.§ 362(a)(1). However, the stay does not apply to actions commenced *by* the debtor. *See In re Palmdale Hills Prop., LLC*, 423 B.R. 655, 663–64 (B.A.P. 9th Cir. 2009), *aff'd*, 654 F.3d 868 (9th Cir. 2011). In that case, the court explained the distinction as follows:

> Additionally, the automatic stay has been found inapplicable to lawsuits initiated by the debtor. *Eisinger v. Way (In re Way )*, 229 B.R. 11, 13 (9th Cir. BAP 1998) (primary policy considerations do not exist where debtor has initiated a lawsuit against a creditor); *Martin–Trigona v. Champion Fed. Sav. & Loan Ass'n*, 892 F.2d 575, 577 (7th Cir.1989) (statutory language refers to actions "against the debtor"). Alternatively, a defendant in an action brought by a plaintiff/debtor may defend itself in that action without violating the automatic stay. *Gordon v. Whitmore, (In re Merrick )*, 175 B.R. 333, 336 (9th Cir. BAP 1994); *In re Way,* 229 B.R. at 13.

*Id.*

    Thus, the automatic stay does not prevent the debtor from moving forward in this litigation, and this action is one of the debtor's main assets of its bankruptcy estate, which it intends to pursue for the benefit of its creditors.

    The summons on the amended complaint was issued January 12, 2023 [ECF No. 29]. At this time, Better Nutritionals has stipulated with various different groups of defendants to extend responsive deadlines. Accordingly, no defendants have filed responses to the complaint, as they are not yet due.

– 2 –

In light of the fact that the complaint is not yet at issue as to any defendant, Better Nutritionals respectfully requests that the Court continue the status conference set for March 24, 2023 for approximately 60 days. Better Nutritionals expects to be in a position to provide a more substantive recommendation for how this case should proceed once defendants have had the opportunity to timely respond to the complaint.

DATED: March 20, 2023

Respectfully submitted,

FOLKENFLIK & MCGERITY LLP

By: /s/ Max Folkenflik
     Max Folkenflik

BG LAW LLP

By: /s/ Jessica L. Bagdanov
     Jessica L. Bagdanov

Attorneys for Plaintiff